IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL PARKER,<br><br>       Plaintiff,<br><br>v.<br><br>PFIZER INC.,<br><br>       Defendant. | Case No: 4:18-cv-00855<br><br>JURY TRIAL DEMANDED |

**DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant Pfizer Inc. ("Pfizer"), pursuant to 28 U.S.C §§ 1332, 1441, and 1446, hereby removes Cause No. 1822-CC06337, *Paul Parker v. Pfizer, Inc.*, from the Twenty-Second Judicial Circuit Court (City of St. Louis) Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. The grounds for removal are as follows.

1. This action is removable based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. There is complete diversity among all properly joined and served parties and the amount-in-controversy requirement and all procedural requirements are met.

**I.    NATURE OF THE CASE AND PROCEDURAL HISTORY**

2. According to the Petition ("Complaint"), Plaintiff was prescribed and ingested Pfizer's prescription medication Viagra, causing him to develop malignant melanoma (a form of skin cancer). *See* Compl. ¶¶ 14-22. Plaintiff sued Pfizer for allegedly causing his melanoma.

3. On April 7, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL Number 2691, *In re Viagra (Sildenafil) Products Liability Litigation*, thereby coordinating before The Honorable Richard Seeborg in the United States District Court for the

Northern District of California all federal cases in which plaintiffs allege (as here) that their use of Viagra caused the development or exacerbation of their melanoma. Discovery regarding general causation currently is proceeding in the MDL.

4. Plaintiff filed this product liability action in the Twenty-Second Judicial Circuit Court (City of St. Louis), Missouri, on May 30, 2018. Pfizer has not been served with any process, pleadings or orders in the above-entitled action. Attached as Exhibit 1 is a copy of the complete file from the state court (to the extent it is available to Pfizer). *See* 28 U.S.C. § 1446(a) and Local Rule 2.03.

5. Pfizer will promptly notify the JPML of this case as a potential tag-along action. Consistent with its practice so far, Pfizer anticipates that the JPML will designate this case for transfer to the Northern District of California within several days.

## II.     **DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332.**

6. The Court has diversity jurisdiction because the amount in controversy exceeds $75,000 and complete diversity exists among all properly joined and served parties.

### A.     **The Amount in Controversy Exceeds $75,000.**

7. Plaintiff alleges that because of his use of Viagra he developed melanoma, and claims damages for, *inter alia*, past and future medical expenses, pain and suffering, emotional distress, loss of enjoyment of life, and loss of earning capacity. Compl. at 25-26. He seeks consequential, compensatory, and punitive damages, disgorgement of profits, and restitution. *Id.*

8. These allegations regarding Plaintiff's injuries demonstrate why the "amount in controversy [plausibly] exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Where, as here, a personal injury complaint against a pharmaceutical company alleges injuries that involve pain and suffering, mental anguish, and the need for past, future, and ongoing medical treatment, it is "clear" that the

plaintiff is seeking damages in excess of $75,000.  *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) ("Whether [plaintiff] *actually* recovers more than $75,000 is immaterial; what matters is the amount put in controversy on the day of the removal.").

### B.   Complete Diversity Exists Between the Parties.

9.   Plaintiff Paul Parker is, and was at the time this action was commenced, a resident and citizen of Illinois.  Compl. ¶ 5.

10.   Pfizer is, and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business in New York, and is a citizen of Delaware and New York for diversity purposes.  Compl. ¶ 6; 28 U.S.C. § 1332(c)(1).  Plaintiff is not a citizen of Delaware or New York.

11.   Accordingly, there is complete diversity between Plaintiff and Pfizer.

## III.   PFIZER HAS MET THE PROCEDURAL REQUIREMENTS TO REMOVE.

12.   All procedural requirements for removal have been met.

13.   This Court is within "the district court of the United States for the district and division embracing the place where such action is pending," i.e., the Twenty-Second Judicial Circuit (City of St. Louis), Missouri.  *See* 28 U.S.C. § 1441(a).

14.   Plaintiff commenced this action on May 30, 2018, and Pfizer has not been served with the Complaint.  Therefore, this Notice of Removal is timely filed within 30 days of receipt of the initial pleading and within one year of commencement of the action.  *See* 28 U.S.C. § 1446(b) & (c).

15.    No pleadings, orders, or other papers have been served upon Pfizer.  *See* 28 U.S.C. § 1446(a).

16. A copy of this Notice of Removal is being filed promptly with the clerk of the Twenty-Second Judicial Circuit Court (City of St. Louis), Missouri, and will be promptly served on all parties that have appeared in this action. *See* 28 U.S.C. § 1446(d). A copy of this Notice is attached as Exhibit 2.

17. Pfizer reserves the right to amend or supplement this notice of removal.

## CONCLUSION

For the reasons set forth above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and removal of this action to this Court is proper under 28 U.S.C. §1441 and 1446.

Dated: June 5, 2018                                      Respectfully submitted,

**HEPLERBROOM LLC**

By: /s/ W. Jason Rankin
    W. Jason Rankin #62672MO
    wjr@heplerbroom.com
    Gerard T. Noce #27636MO
    gtn@heplerbroom.com
    211 North Broadway, Suite 2700
    St. Louis, MO 63102
    Telephone: (314) 480-4160
    Facsimile: (314) 241-6116

*Attorneys for Defendant Pfizer Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2018, a true and correct copy of the foregoing Notice of Removal was served upon the following Counsel of Record via the Court's electronic notification system and/or electronic mail:

John J. Driscoll
Gregory J. Pals
THE DRISCOLL FIRM, P.C.
211 North Broadway, Suite 4050
St. Louis, MO 63012
Phone: 314-932-3232
Fax:    314-932-3233
john@thedriscollfirm.com
greg@thedriscollfirm.com

*Attorneys for Plaintiff*


                                                            /s/ W. Jason Rankin